**Azim Malam Abdul ALI**

v.

**Julius T. CUYLER, Sgt. David Horowitz and Sgt. Linderman.**

**Civ. A. No. 81–5272.**

United States District Court,
E. D. Pennsylvania.

Sept. 14, 1982.

Azim Malam Abdul Ali, pro se.

**MEMORANDUM AND ORDER**

RAYMOND J. BRODERICK, District Judge.

Plaintiff Azim Malam Abdul Ali ("Azim") has filed a pro se complaint against the defendants, alleging violations of 42 U.S.C. § 1983 in connection with his confinement at the Pennsylvania State Correctional Institution at Graterford ("Graterford"). He has also filed a petition to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). United States Magistrate Peter B. Scuderi has filed a report and recommendation. The Magistrate recommends denying leave to proceed in forma pauperis because plaintiff, at the time of filing the complaint, had $450 in a savings account, more than enough to satisfy the $60 filing fee. Since the report was issued, plaintiff has filed a response contending that he no longer has these funds. For the reasons hereinafter set forth, the Court approves the Report of the Magistrate but, due to changed circumstances, this approval is without prejudice to the plaintiff filing with the Clerk of Court the financial disclosure form provided by the Clerk's office in connection with petitions seeking leave to proceed in forma pauperis so that the Magistrate may determine whether plaintiff now qualifies for in forma pauperis treatment.

On December 22, 1981, plaintiff filed his complaint and petition. Pursuant to local procedure, plaintiff was required to com-

plete a financial status form provided by the Clerk's office. According to this form, plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action without foregoing basic human needs and that the plaintiff's situation was not appropriate for in forma pauperis treatment. *See Souder v. McGuire,* 516 F.2d 820 (3d Cir. 1975); *In re Smith,* 600 F.2d 714 (8th Cir. 1979); *In re Stump,* 449 F.2d 1297 (1st Cir. 1971); *Shimabuku v. Britton,* 357 F.Supp. 825 (D.C.Kan.1973), *aff'd* 503 F.2d 38 (10th Cir. 1973).

Plaintiff contends that since that time he has exhausted the $450 savings account for basic family needs and that he earns only $34 per month from his job at Graterford and that this is his only source of income. Plaintiff has filed an affidavit to this effect but has not completed an updated version of the financial status form provided by the Clerk's office. Local procedure requiring that those seeking to proceed in forma pauperis complete forms concerning their financial status does not violate 28 U.S.C. § 1915(a). *Zaun v. Dobbin,* 628 F.2d 990 (7th Cir. 1980). Requiring those seeking in forma pauperis status to complete such affidavits ensures that those with sufficient resources will not claim poverty and receive in forma pauperis treatment through the use of artfully drafted affidavits of poverty. Since granting leave to proceed in forma pauperis means that the government will pay the costs of filing, the government's interest in granting leave only in meritorious cases justifies the use of these form affidavits. Therefore, the plaintiff must complete the required form and this form must show that he qualifies for in forma pauperis status before such leave will be granted. An appropriate order will be accordingly entered.

### ORDER

AND NOW, this 14th day of September, 1982, upon careful and independent consideration of the plaintiff's petition to proceed in forma pauperis and after review of the Report and Recommendation of the United States Magistrate and plaintiff's response thereto, for the reasons set forth in this Court's Memorandum of September 14, 1982,

IT IS HEREBY ORDERED: The Report and Recommendation of United States Magistrate Peter B. Scuderi is hereby returned to the Magistrate, without prejudice to the plaintiff Azim Malam Abdul Ali again filing with the Clerk of Court the financial disclosure form provided by the Clerk's office in connection with petitions seeking leave to proceed in forma pauperis so that the Magistrate may consider on the basis of said affidavit whether the plaintiff shall be entitled to proceed in forma pauperis.