894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Wayne LONG, Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY; Hon. William G. Fuqua,
Respondents-Appellees.
 No. 89-6051.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1990.
 
 1
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner Long filed a habeas corpus action under 28 U.S.C. Sec. 2254 in which he challenged his continuing incarceration for a series of 1979 Kentucky felony convictions. The district court sua sponte dismissed the petition as an abuse of the writ under Rule 9(b), Rules Governing Section 2254 Cases. This appeal followed. The Commonwealth and the petitioner have submitted briefs, Long proceeding in his own behalf.
 
 
 4
 Upon consideration, we find that the district court correctly disposed of the petition. There is no legal basis for Long's contention that Kentucky may not keep him in prison because he was recently found mentally incompetent to pursue an unrelated state court civil action. The issue of Long's competency in the underlying felonies has been previously litigated adversely to him.
 
 
 5
 The Commonwealth represents that Mr. Long has filed at least thirty (30) actions in the nature of habeas corpus in federal district court. Our own records reflect that, excluding the appeal of his initial habeas corpus action, Long has filed approximately forty-one (41) appeals with this court in the last five years. Almost all of these civil rights and habeas corpus cases are meritless and repetitious. These filings constitute an abuse of Mr. Long's in forma pauperis status.
 
 
 6
 We believe that Michael Wayne Long should henceforth be required to pay a partial filing fee in federal court. The purpose of this fee is to discourage frivolous litigation filed reflexively from the cover of in forma pauperis status. Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987). See also In re McDonald, 109 S.Ct. 993, 994 (1989) (per curiam). Accordingly, we require that Michael Wayne Long pay a Five Dollar ($5) filing fee for every appeal or original action filed in this court in the future. We also authorize the district court to require a similar payment for original actions by him, if the court feels such a payment is appropriate. If Long continues to file frivolous or repetitive complaints and appeals, his right to proceed in forma pauperis may be further curtailed or limited.
 
 
 7
 The district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. Michael Wayne Long is ordered to pay a Five Dollar ($5) filing fee for his appeal in this meritless case.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation