899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Petitioner-Appellant,
v.
Carole J. SHIPLEVY, Supt., Respondent-Appellee.
 No. 89-3945.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1990.
 
 Before KEITH and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Vernon E. Rodman appeals the dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Rodman alleged that he has been denied a state parole hearing to which he is entitled. The district court dismissed the petition as without merit. Upon consideration, we conclude that the dismissal was proper.
 
 
 3
 First, petitioner's claim is entirely without merit. The claim has been decided adversely to petitioner by an earlier panel of this court. See Rodman v. Bower, 886 F.2d 1316 (6th Cir.1989), cert. denied, 110 S.Ct. 1324 (1990). That panel noted that petitioner received a parole hearing as required by state law and that petitioner possesses no constitutionally protected liberty interest in a discretionary grant of parole. Thus, there exists no basis for petitioner's claim.
 
 
 4
 Second, this court's records indicate that this is at least the thirtieth appeal or original action petitioner has filed with this court. These filings have been of a consistently unmeritorious and repetitious nature. These filings constitute an abuse of petitioner's in forma pauperis status.
 
 
 5
 We believe that petitioner should henceforth be required to pay a partial filing fee in federal court. The purpose of this fee is to discourage frivolous litigation filed reflexively from the cover of in forma pauperis status. Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987). See also In re McDonald, 109 S.Ct. 993 (1989) (per curiam). Accordingly, we require that petitioner pay a five dollar ($5) filing fee for every appeal or original action filed in this court in the future. We also authorize the district court to require a similar payment if appropriate. If Rodman continues to file frivolous or repetitive complaints and appeals, his right to proceed in forma pauperis may be further curtailed.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.