915 F.2d 1573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daries SHERRILLS, Plaintiff-Appellant,
v.
Wayne L. KEREK, James London, Cleveland Police Department,
Defendants-Appellees.
 No. 90-3311.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1990.
 
 1
 Before KENNEDY and KRUPANSKY, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Daries Sherrills appeals a judgment of the district court which dismissed his civil rights action. Defendant London now moves to dismiss the appeal. Upon consideration of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Proceeding in forma pauperis, Sherrills filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Northern District of Ohio. Seeking monetary damages and injunctive relief, plaintiff alleged that defendants were responsible for his arrest and interrogation in violation of his rights under the fourth amendment. He further maintained that he was eventually found guilty of unspecified state criminal offenses after a trial in which he was denied numerous other constitutional rights, including his sixth amendment right to effective assistance of counsel. As those claims appeared to challenge the validity of his convictions, the district court dismissed the complaint pursuant to Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam). On appeal this court affirmed that decision except to the extent that it remanded the case to the district court for further proceedings on the fourth amendment claims in light of its recent decision in Feaster v. Miksch, 846 F.2d 21 (6th Cir.), cert. denied, 109 S.Ct. 148 (1988). On remand each defendant moved for the dismissal of the fourth amendment claims pursuant to Fed.R.Civ.P. 12(b)(6). After review of Sherrills's response, the district court granted defendants' motion and dismissed the complaint. Sherrills then filed this appeal.
 
 
 4
 This court has reviewed the record and has concluded that the district court properly dismissed Sherrills's claims which were based upon the fourth amendment. Furthermore, the court has examined defendant London's motion to dismiss the appeal and has concluded that it is actually a motion to affirm prohibited by Rule 8(a)(3), Rules of the Sixth Circuit. Accordingly, the motion to dismiss is denied and the district court's final judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 5
 This court has reviewed its records which disclose that since 1988 Sherrills has filed a total of 13 appeals and 11 original actions in this court. In each of those proceedings, all of which have ultimately been determined to be without merit, Sherrills was proceeding in forma pauperis. Under such circumstances, this court has concluded that Sherrills has acted in abuse of that status and that he should henceforth be required to pay a partial filing fee before bringing any action in federal court. See Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987). See also In re McDonald, 109 S.Ct. 993, 994 (1989) (per curiam). Accordingly, Sherrills shall now pay a Five Dollar ($5.00) filing fee for every appeal or original action filed in this court in the future. The district court is also authorized to require a similar payment for original actions filed by him, should it conclude that such a payment is appropriate. Should Sherrills continue to file frivolous or repetitive appeals, his right to proceed in forma pauperis may be further curtailed.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation