979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John-Tyronne MARTIN, Plaintiff-Appellant,
v.
Howard MUELLER, sued as H. Mueller; John Brady; and Ali
Khaja, Defendants-Appellees.
 No. 90-2746.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 17, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant John-Tyronne Martin appeals the trial court's order dismissing his complaint under 42 U.S.C. § 1983 and denying his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Because the district court's order dismissed Martin's complaint without prejudice, the basis for this court's jurisdiction rests solely on the district court's denial of the appellant's in forma pauperis petition after the appellant failed to comply with the court's order requiring him to pay a partial filing fee. Roberts v. United States District Court, 339 U.S. 844, 845 (1950); House v. Belford, 956 F.2d 711, 716 (7th Cir.1992).
 
 
 2
 Martin, currently confined in the Illinois State Prison in Pontiac, Illinois, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants, all medical staff members at Pontiac, violated his rights because they refused to render medical treatment to him because he is an African-American.[1] Contemporaneous with the filing of his complaint, Martin filed a petition for leave to proceed in forma pauperis. In compliance with Standing Order Number 5 of the Central District of Illinois,[2] Martin also attached a copy of his inmate trust fund ledger. Martin claimed indigency in his petition for leave to proceed in forma pauperis. The trust fund ledger, however, revealed that Martin received payments into his personal trust fund account of $110.00 for the six months preceding the submission of his pleadings, although he only had a current balance of fifty-eight cents.
 
 
 3
 On November 8, 1989, the district judge entered an Order requiring Martin to prepay a partial filing fee of $9.16 before allowing the plaintiff to file his complaint and proceed in forma pauperis. The district judge stated that the a partial prepayment was appropriate because Martin's trust fund ledger revealed that he had a six-month income of $110.00 prior to the filing of his complaint. While the Order required partial payment within forty-five days, it also stated that partial payment would be waived if Martin showed cause within forty-five days why partial payment should not be required.
 
 
 4
 In response to the district court's Order, Martin filed a pleading on November 14, 1989, that did not challenge the district court's evaluation of his ability to pay a partial fee, but that merely stated that he had fulfilled all requirements to proceed in forma pauperis. The district court treated Martin's response as a motion for reconsideration of the court's November 8 Order, and declined to reconsider its earlier ruling. As additional support for its partial payment requirement and its finding that Martin was able to make the partial payment, the court noted that Martin, like all state inmates, received a monthly stipend of $10.00 and that the state provided all of his basic necessities of life. The court again ruled that Martin must pay a partial filing fee of $9.16 within an additional forty-five days of the date of the Order declining reconsideration or show cause why partial payment was inappropriate. On July 2, 1990, Martin filed a pleading requesting that the court issue a final Order in his case from which he could take an appeal. On July 27, 1990, the district court issued an Order that dismissed Martin's complaint without prejudice because of his failure to pay the partial filing fee or to show cause why partial payment should not be required.
 
 
 5
 Martin first argues on appeal that the district court abused its discretion when it conditioned his right to proceed in forma pauperis on his partial payment of $9.16. We have previously upheld the Central District's partial payment plan against the challenge that it is an unconstitutional burden on a plaintiff's right of access to the courts. Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987); Bryan v. Johnson, 821 F.2d 455, 457 (7th Cir.1987). Martin did not argue on appeal or before the trial court that the district court misapplied Standing Order 5. Furthermore, on the two occasions that the district court afforded Martin the opportunity to show cause why the partial payment should not be required, the plaintiff merely responded that he was entitled to forma pauperis status and that he desired to appeal the district court's partial payment order. At no time did Martin attempt to correct any misinformation, dispel any misleading inferences that could be drawn from the information provided to the court, or demonstrate special circumstances that would justify the payment of a lower fee or a fee waiver. Martin argues on appeal that because he only had a balance of fifty-eight cents in his account at the time he filed his complaint, it was an abuse of discretion for the district court to require him to pay a $9.16 filing fee within forty-five days of the court's Order. The trial court gave Martin two opportunities to contest the propriety of the partial fee, and he failed to do so on both occasions. The district judge had the discretion to impose partial fees in this case, Lumbert, 827 F.2d at 259; Bryan, 821 F.2d at 458, and Martin has failed to demonstrate that the judge abused that discretion.
 
 
 6
 Martin next claims that the district court's Standing Order providing for assessment of partial filing fees violates the equal protection component of the fifth amendment due process clause because the Standing Order applies only to inmates and not to other in forma pauperis petitioners.[3] When analyzing an equal protection claim, we must first determine whether the claim involves a suspect class or fundamental right. Plyler v. Doe, 457 U.S. 202, 216-17 (1982). Prisoners are not a suspect class, Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir.1990), and litigation free of the costs of filing is not a fundamental right. Lumbert, 827 F.2d at 259. Because no fundamental rights or suspect classifications are implicated, we need only determine whether the classification drawn is rationally related to a legitimate governmental interest. Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440 (1985); Zobel v. Williams, 457 U.S. 55, 60 (1982).
 
 
 7
 It is beyond cavil that the government, including the judicial branch, may not erect arbitrary or unduly onerous obstacles to suit. Bounds v. Smith, 430 U.S. 817, 822-23 (1977); Lumbert, 827 F.2d at 259. The Central District's Standing Order concerning partial payments of filing fees, however, is neither an arbitrary nor an onerous obstacle to inmate litigants. Standing Order 5 notes that the Central District of Illinois has experienced a four hundred percent increase in annual filings of petitions for leave to proceed in forma pauperis in civil rights actions, and that such actions have required considerable expenditure of the courts' time and effort at the expense of all other litigants and the taxpayers. We have consistently recognized that such partial payment plans, properly drafted, have the beneficial effect of curbing the filing of frivolous litigation by financially able plaintiffs who are unwilling to contribute even an extraordinarily modest filing fee towards their litigation. Bryan, 821 F.2d at 458; Lumbert, 827 F.2d at 259-60. Standing Order 5 provides that inmates who demonstrate that they are unable to make a partial payment shall be allowed to proceed in forma pauperis. We find that Standing Order 5 does not violate the equal protection clause because the requirement of a modest partial payment by an inmate who is able to contribute towards filing costs is rationally related to the court system's interest in providing meaningful access to justice and effectively dealing with meritorious claims.
 
 
 8
 Finally, Martin argues that the Standing Order conflicts with the Supreme Court's holding in Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), that a litigant need not be completely destitute to qualify for indigency status under 28 U.S.C. § 1915(a). As we held in Lumbert, 827 F.2d at 260, a litigant may not be obliged to give up any necessities of life to be deemed indigent for purposes of section 1915(a), but a litigant can be asked to contribute a portion of his discretionary funds to pay a fraction of the costs of his suit. Because Martin's necessities of life are provided by the State of Illinois, the district court's partial payment Order does not run afoul of the Supreme Court's interpretation in Adkins of section 1915(a)'s indigency requirement.
 
 
 9
 The district court's decision is therefore AFFIRMED.
 
 
 
 *
 After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the brief, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 After filing his appeal, the appellant filed a petition with this court pursuant to Rule 21(c) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1651 requesting that we issue a writ compelling the appellees to provide the same relief requested in the appellant's section 1983 action. As we previously noted in Matter of City of Springfield, 818 F.2d 565 (7th Cir.1987):
 The writ is to be used in aid of appellate jurisdiction. When the district court's decision imperils the efficacy of the eventual appellate review, the writ may be employed, it also is used when the district court exceeds its jurisdiction. Still, "[o]nly exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy."
 Id. at 568 (citations omitted and quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). In the present case, the appellant's statement of facts does not suggest that the appellees in any way imperil this court's jurisdiction or even that of the district court. If the appellant refiles his section 1983 action and the appellees are liable, the district court will so find; if the district court errs, that error is reparable on appeal. The petition for an extraordinary writ pursuant to the All Writs Act, 28 U.S.C. § 1651, and Fed.R.App.P. 21(c) is therefore denied.
 
 
 [2]
 Standing Order Number 5 for the Central District of Illinois, redesignated as Local Rule 32 on January 10, 1991, essentially provides that in an effort to evaluate federal and state inmates' ability to pay partial filing fees, all inmates in correctional institutions are obliged to file a copy of the inmate's trust fund ledger indicating all deposits and withdrawals made to the inmate's trust fund account for the six months preceding the in forma pauperis petition. Upon receipt of the complaint, the petition to proceed in forma pauperis, and the inmate's trust fund ledger, Standing Order Number 5 requires the court to allow the inmate to file his complaint upon prepayment of a fee specified by the court if the petition reveals that the inmate is unable to pay the full filing fee. In no event may the fee exceed fifty percent of the inmate's average monthly income for the six months immediately preceding the submission of the petition nor could it exceed the full statutory filing fee
 
 
 [3]
 While the fifth amendment, unlike the fourteenth, does not contain an equal protection clause, the fifth amendment's due process clause contains an equal protection component. Analysis of fifth amendment equal protection claims is identical to equal protection claims brought under the fourteenth amendment. Wayte v. United States, 470 U.S. 598, 608 n. 9 (1985)