998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James B. Jones, Plaintiff/Appellant,
v.
Jim Edgar, Defendant/Appellee.
 No. 92-3149.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided July 21, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 James Jones filed a lawsuit against the Governor of Illinois. As a prerequisite to bringing this suit the court ordered Jones to pay $47.41 of the $120.00 filing fee required to bring a civil suit in federal court. The court so ordered Jones because it found that for the six months prior to bringing the suit Jones had received $569.01 into his personal trust fund and thus did not qualify as indigent under 28 U.S.C. § 1915(a). The partial prepayment of filing fees by prisoners pursuing litigation is authorized by Local Rule 2.12(B) of the Central District of Illinois. The court denied Jones's motion to waive the prepayment and dismissed the case.
 
 
 2
 Jones now appeals the dismissal of his case. Jones claims that the court erred because when implementing its local rule it failed to follow the guidelines that a report from the Federal Judicial Center (as outlined in In re Williamson, 786 F.2d 1336, 1340-41 (8th Cir.1986) suggested be used in cases involving litigants who are prisoners. These guidelines do not bind us, however; and we previously have held that this rule is consistent with the Constitution and the case law. Lumbert v. Illinois Dept. of Corrections, 827 F.2d 257 (7th Cir.1987). One aspect of Jones's argument could be taken as a legitimate reason for not being able to make the partial payment. He claims that the court abused its discretion by counting as part of his assets money that his family gave him to buy sundry items for his prison cell. That influx of money, Jones claims, was a one-time gift that has now ended and will not continue. Jones's mother signed an affidavit saying that she had to scrimp and save just to get him that money and that she can no longer send him like sums. Two considerations support the court's rejection of this excuse as a reason for waiving Jones's payment. The first is that the court followed to the letter the rule regarding partial filing fees. The second is that Local Rule 2.12 was designed to curb frivolous litigation while safeguarding litigants' right of access to the court. Id. at 259-60. These concerns were not betrayed in this case. Jones's influx of money gave him several options; he chose to buy a television which cut into his funds for litigation. The court did not ask Jones to forego the basic needs of prison life so the partial filing fee was properly formulated.
 
 
 3
 Two final matters. The court's order did not run afoul of Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331 (1948), which says that a litigant need not be totally destitute to qualify as indigent under 28 U.S.C. § 1915(a). The court also treated properly Jones's "MOTION TO WAIVE PAYMENT." The court treated the motion as a motion for reconsideration and an extension of time. Irrespective of what the court called it, Jones got what he wanted from the court: a review of the merits of his claim. The court looked at the merits of his claim, found it insufficient, and gave Jones more time to pay the filing fee. This was not an abuse of discretion.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs