**AUGUSTINE M. McKENZIE, Plaintiff**

**v.**

**TUIMAVAVE T. LE`IATO and GAFA TAUVEUVEU, Defendants**

High Court of American Samoa
Trial Division

Misc. No. 1-94

April 4, 1994

Before RICHMOND, Associate Justice.

Counsel: Plaintiff, Pro Se

Order Denying Motion for Leave to Proceed In Forma Pauperis:

Plaintiff is currently an inmate at the Tafuna Correctional Facility. Seeking injunctions against various alleged constitutional violations, he submitted his motion for leave to proceed *in forma pauperis* on March 29,

13

1994.[1] However, plaintiff has failed to meet the requirements for obtaining *in forma pauperis* status.

■ Reasonable costs may be required of litigants. Because litigation costs are borne not only by a plaintiff but also by defendants, taxpayers, and parties in other lawsuits (which may be delayed or receive less attention), even a small filing fee helps a plaintiff to think about the merits of his case. An indigent plaintiff may even be required to pay a partial filing fee. *Lumbert v. Illinois Dep't of Corrections*, 827 F.2d 257, 259 (7th Cir. 1987).

■ A litigant desiring to proceed *in forma pauperis* must submit a sworn affidavit supporting his motion. *Cf.* A.C.R. 24(a) (requiring, in an appeal of criminal action, the filing of "an affidavit showing, in the detail prescribed by Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issued which he intends to present"). The affidavit is to specifically detail the reasons for the alleged inability to pay court fees and must enumerate all sources of funds. *See American Samoa Gov't v. Fesagaiga*, 4 A.S.R.2d 29 (Trial Div. 1987) (in determining need to appoint counsel for an indigent person, "the court should consider all funds available to the defendant from all sources, not just the income from his employment.") (syllabus).

■ Proceeding *in forma pauperis* is undeniably a privilege and not a right; therefore, permission to do so is at the court's discretion. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citing *Carter v. Thomas*, 527 F.2d 1332 (5th Cir. 1976); *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976)); *see Pene v. American Samoa Power Auth.*, 10 A.S.R.2d 61 (App. Div. 1989) ("There is no general constitutional right of indigent persons to litigate free of charge.") (syllabus). The problem with *in forma pauperis* litigation, especially by prisoners, is described as follows:

> [T]he problem of litigation that generates social costs in excess of its social benefits is particularly acute with respect to litigation by indigents, since they cannot be

---

[1] Plaintiff's motion is improperly captioned as being filed in the non-existent Civil Division of the District Court of American Samoa. The motion is properly presented to the Trial Division of the High Court of American Samoa. Furthermore, his citing of the federal *in forma pauperis* statute is inappropriate, as American Samoa does not have a statutory counterpart to 28 U.S.C. § 1915.

> deterred from suit by the prospect of having to pay their
> adversaries' legal expenses should the suit be adjudged
> frivolous. The problem is even more acute when the
> indigent plaintiff is a prison inmate, because the costs of
> a prisoner's time are very low.

*Lumbert*, 827 F.2d at 259. In light of the government's interest in discouraging meritless lawsuits, the requirement that persons seeking *in forma pauperis* status must complete detailed affidavits "ensures that those with sufficient resources will not claim poverty and receive *in forma pauperis* treatment through the use of artfully drafted affidavits of poverty." *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982).

Plaintiff has failed to meet the minimum requirements necessary to proceed *in forma pauperis*. First, plaintiff's self-styled "affidavit" does not contain the required oath or affirmation before a notary public. Second, this document is vague, ambiguous, and does not clearly show an inability to pay the court's fees. Plaintiff states he sells crops for "some [sic] $15 to $35 per sold [sic], some months I get as much as $100 - otherwise average $5 to $50 per month." He also states that he receives cash gifts from family and friends. These differing income estimates do not clearly prove indigence; indeed, they seem to support plaintiff's ability to pay the filing fee. He also does not indicate whether he has any bank or prison accounts or the amount of their respective balances. Neither has plaintiff, whose food and shelter are provided by the prison, enumerated any necessary expenditures which would preclude paying the filing fee. *See Lumbert*, 827 F.2d at 260 (as shown by his purchasing peanuts and candy at the prison commissary, an inmate was able to pay a $7.20 partial filing fee but had made an "implied evaluation" of his lawsuit, which the district court was "entitled to honor").

Plaintiff has failed to show his eligibility for leave to proceed *in forma pauperis*.[2] Therefore, plaintiff's motion for leave to proceed *in forma pauperis* is denied.

It is so ordered.

---

[2] This order does not address the merits, if any, of plaintiff's case.