35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew HARDIN, Plaintiff/Appellant,
v.
Louis O. LOWERY, Warden, Thomas Huskisson, Captain, James
Davis, Correctional Officer, et al., Defendants/Appellees.
 No. 92-2787.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 1
 Before CUMMINGS and BAUER, Circuit Judges, and FLAUM, District Judge.
 
 ORDER
 
 2
 Andrew Hardin, an inmate at the Pontiac Correctional Center in Pontiac, Illinois appeals from an order of the district judge dismissing his civil rights complaint for failure to pay a partial filing fee. The district judge assessed Hardin a $36.61 partial filing fee after reviewing his trust fund ledger, which indicated that he received $439.36 in his prison account over the six months preceding the filing of his complaint. The district judge gave Hardin forty-five days in which to pay the fee and warned that his failure to do so would result in the denial of his petition for leave to proceed without prepayment of fees and costs. The order also stated that partial payment would be waived if Hardin showed cause within forty-five days as to why partial payment should not be required.
 
 
 3
 Hardin moved for reconsideration, asserting that he had no funds from which to pay the fee because he was just released from segregation and presently had no work assignment. The district judge reconsidered Hardin's request to proceed without prepayment of fees and costs and determined that his initial ruling was correct. The judge ordered Hardin to pay the previously assessed fee and gave him an additional forty-five days within which to comply with the prepayment order. The judge again warned Hardin that failure to comply with the order would result in denial of his petition for leave to proceed without prepayment of fees and costs. When the forty-five day period elapsed without payment, the district judge dismissed Hardin's complaint with leave to reinstate upon payment of the full $120 civil filing fee.
 
 
 4
 Section 1915, 28 U.S.C., permits an indigent litigant to prosecute a lawsuit without paying filing fees or court costs. The judiciary cannot impose arbitrary or unduly onerous obstacles to suit. Bounds v. Smith, 430 U.S. 817, 822-23 (1977). Local Rule 2.12(B) affords the district judge the discretion to require an inmate-litigant to pay a partial filing fee if it would be economically fair to do so.[1] See Local Rule 2.12(B) (C.D.Ill.). This court has already analyzed the constitutionality of the Central District's partial payment plan and found that it does not impose an unconstitutional burden. See Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987) (upholding the Central District's partial payment plan against the challenge that it is an unconstitutional burden on a plaintiff's right of access to the courts); accord Bryan v. Johnson, 821 F.2d 455, 457 (7th Cir.1987); Zaun v. Dobbin, 628 F.2d 990, 993 (7th Cir.1980).
 
 
 5
 In addition to the $439.36, which Hardin received in his prison account during the six months preceding the filing of his complaint, Hardin, like all Illinois state inmates receives a monthly stipend of $10.00. Hardin does not argue on appeal or before the district court that the court misapplied Local Rule 2.12(B); nor does Hardin dispute the district court's calculation of the average monthly money to which Hardin has access. "Litigation is not a free good, and its costs are not limited to those who initiate it." Lumbert, 827 F.2d at 259. The purpose behind requiring payment of a partial filing fee is to cause "the putative plaintiff to think about the case and not just file reflexively; having to make even a modest monetary outlay may help focus his thinking." Id. In light of our policy upon which the partial filing fee program is premised, it was not an abuse of discretion of the district judge to assess a $36.61 filing fee and to dismiss the complaint when the assessment was not paid.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Rule 2.12(B), of the Central District of Illinois Local Rules, in an effort to evaluate federal and state inmates' ability to pay partial filing fees, requires all inmates in correctional institutions to file a copy of their inmate trust fund ledger indicating all deposits and withdrawals made to the account for the six months preceding the in forma pauperis petition. Upon receipt of the complaint, the petition to proceed in forma pauperis and the inmate's trust fund ledger, Rule 2.12(B) permits the court to require the inmate to prepay of a partial filing fee if the petition reveals that the inmate is unable to pay the full filing fee of $120. The partial fee may not exceed fifty percent of the inmate's average monthly income for the six months immediately preceding the submission of the petition, nor may it exceed the full statutory filing fee. See Local Rule 2.12(B) (C.D.Ill.)