35 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leonardo VICTORY, Plaintiff/Appellant,
v.
Larry KUNKEL, David Kanger, William Herbach, et al.,
Defendants/Appellees.
 No. 91-1644.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 1
 Before CUMMINGS and BAUER, Circuit Judges, and FLAUM, District Judge.
 
 ORDER
 
 2
 Leonardo Victory, an inmate at the Westville Correctional Center, appeals from an order of the district judge dismissing his civil rights complaint for failure to pay a partial filing fee and from an order denying his motion to amend judgment. The district judge assessed Victory a $24.00 partial filing fee after reviewing his trust fund ledger, which indicated that he received $247.55 in his prison account over the six months preceding the filing of his complaint. The district judge gave Victory forty-five days in which to pay the fee, and warned that his failure to do so would result in the dismissal of the case without prejudice. The order also stated that partial payment would be waived if Victory showed cause within forty-five days as to why partial payment should not be required.
 
 
 3
 Victory moved for reconsideration, asserting that he no longer had funds from which to pay the fee because his grandmother, who used to send him a monthly allowance, was no longer doing so due to illness. The district judge considered Victory's response to the rule to show cause and determined that Victory had not shown cause why the court should not require partial payment. The court denied Victory's application to proceed in forma pauperis because Victory had failed to pay the partial filing fee of $24.00 and dismissed the case without prejudice. Victory then filed a motion to alter the judgment requesting that he be allowed to pay $1 immediately followed by half of his monthly salary of $13.25 until the partial or full payment is paid. The court reviewed the motion to alter judgment and its order and denied the motion to alter judgment.
 
 
 4
 Section 1915, 28 U.S.C., permits an indigent litigant to prosecute a lawsuit without paying filing fees or court costs. The judiciary cannot impose arbitrary or unduly onerous obstacles to suit. Bounds v. Smith, 430 U.S. 817, 822-23 (1977). Local Rule 4.3 allows the district judge the discretion to require an inmate-litigant to pay a partial filing fee if it would be economically fair to do so. See Local Rule 4.3 (N.D.Ind.). This court has already analyzed the constitutionality of partial payment plans and found that such plans do not impose an unconstitutional burden. See Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987) (upholding the Central District's partial payment plan against the challenge that it is an unconstitutional burden on a plaintiff's right of access to the courts); accord Bryan v. Johnson, 821 F.2d 455, 457 (7th Cir.1987); Zaun v. Dobbin, 628 F.2d 990, 993 (7th Cir.1980).
 
 
 5
 In addition to the $247.55 that Victory received in his prison account during the six months preceding the filing of his complaint, Victory receives a salary of $13.25 per month. Victory does not argue on appeal or before the district court that the court miscalculated the average monthly money to which he has access. "Litigation is not a free good, and its costs are not limited to those who initiate it." Lumbert, 827 F.2d at 259. The purpose behind requiring payment of a partial filing fee is to cause "the putative plaintiff to think about the case and not just file reflexively; having to make even a modest monetary outlay may help focus his thinking." Id. Victory refers this court to Adkins v. E.I. Dupont, 335 U.S. 331, 339 (1948) in which the Supreme Court stated that litigants need not give up their "last dollar ... and thus make themselves and their dependents wholly destitute" to be granted in forma pauperis status. In light of the fact that the state of Indiana provides entirely for Victory's housing, clothing, food and medical care, and provides Victory with a modest salary the district court did not abuse its discretion in assessing a $24.00 filing fee and dismissing the complaint when the assessment was not paid.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Victory has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs