# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 96-3752

_____

| | |
|---|---|
| Everett R. Lyon, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Del Vande Krol; Paul Hedgepeth; | * |
| James Helling; Rabbi Jacobson; | * |
| Chavbad Lubavitch IA, | * |
| | * |
| Defendants - Appellants, | * |
| | * |
| United States of America, | * |
| | * |
| Intervenor Defendant. | * |

_____

Nos. 96-3754

_____

Appeals from the United States
District Court for the
Southern District of Iowa.

| | |
|---|---|
| Everett R. Lyon, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Del Vande Krol; Paul Hedgepeth; | * |
| James Helling; Rabbi Jacobson; | * |
| Chavbad Lubavitch IA, | * |
| | * |
| Defendants, | * |

United States of America,                    *
                                             *
                                             *
        Intervenor Defendant - Appellant.    *
                        _____

                Submitted:  May 20, 1997
                   Filed:  October 17, 1997
                        _____

Before MURPHY and HEANEY, Circuit Judges, and ROSENBAUM,[1] District Judge.
                        _____

MURPHY, Circuit Judge.

The district court dismissed the 42 U.S.C. § 1983 action of Everett R. Lyon, an Iowa prisoner, for failure to pay the filing fee required by § 804(d) of the Prisoner Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, §§ 801-810 (Apr. 26, 1996) (to be codified at 28 U.S.C. § 1915(g)), but on reconsideration it concluded that the section is unconstitutional and reinstated the action with leave for Lyon to request in forma pauperis status. The state defendants filed a petition requesting review of the district court's decision that section 1915(g) violated Lyon's right to equal protection because it deprived him of court access, and their request for interlocutory review was granted.

Lyon brought this action against Iowa prison officials and Chavbad Lubavitch,[2] alleging that they prevented him from practicing his religion in violation of 42 U.S.C. § 1983. He requested damages and equitable relief, including permission to participate

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

[2]Chavbad Lubavitch has since been dismissed as a defendant.

in Jewish services and community meals and to purchase Kosher food. Lyon had previously filed some twelve other civil actions while in prison, four of which had been dismissed as frivolous.[3] When Lyon filed this complaint in May 1996, he had $138.40 in his prison account and $64.52 in his prison savings account and was receiving $67.20 in prison wages each month. His initial request for in forma pauperis status was denied because he had at least three prior actions which had been dismissed as frivolous and section 1915(g) therefore requires full payment of the filing fee unless the prisoner is in "imminent" physical danger.

After Lyon moved for reconsideration on the basis of constitutional challenges, the United States intervened to uphold the statute. The district court concluded that the statute violated Lyon's equal protection rights in that it burdened his fundamental right to court access and strict scrutiny revealed that the provision was not narrowly tailored to prevent abusive prisoner litigation since it only curbs repeat litigation by prisoners who can not afford the filing fee and does not take into account the varying sentences and circumstances of different prisoners.

The United States and Iowa prison officials argue in response that section 1915(g) does not violate Lyon's equal protection rights. They contend that the district court erred in applying strict scrutiny because the statute does not burden a fundamental right and prisoners and indigents are not suspect classes. They also assert that section 1915(g) is rationally related to the legitimate government interest of preventing abusive litigation.

_____

[3]At oral argument, counsel indicated that one of Lyon's prior dismissals had resulted from a letter sent to the district court which had been assigned a file number and then dismissed. Because of our disposition of this appeal, we do not have occasion to consider what type of prior dismissal may legitimately be counted under § 1915(g). We take judicial notice of the fact that some courts now notify prisoners when a seemingly frivolous complaint is filed that it could count against them in the future, and permit them an opportunity to dismiss it voluntarily.

Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. See, e.g., H.R. Conf. Rep. No. 104-378, at 166-67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole). The in forma pauperis statute now requires all prisoners to pay court filing fees for civil cases. It differentiates among prisoners on method of payment, however. Prisoners who have not had three prior cases dismissed as frivolous need only pay a percentage of the fee at the outset and the remainder over time, and these litigants will not be barred from pursuing a claim by inability to make the initial required partial payment. 28 U.S.C. § 1915(b)(1)-(4). In contrast, section 1915(g), commonly known as the "three strikes" provision, directs that prisoners who have had three previous civil suits or appeals dismissed as malicious, frivolous, or for failure to state a claim must prepay the entire filing fee. They otherwise cannot proceed on their claim unless they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The section states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Since the enactment of PLRA, a number of circuits have examined the constitutionality of its provisions. They have concluded that its fee requirements do not employ suspect classifications, deprive prisoners of the right to court access, or violate rights to equal protection. See, e.g., Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir.

1997) (citations omitted) (section 1915(g));  Hampton v. Hobbs, 106 F.3d 1281, 1286-87 (6th Cir. 1997); Roller v. Gunn, 107 F.3d 227, 233-34 (4th Cir. 1997) (citations omitted).  Several have also concluded that the fee requirements of PLRA do not have an impermissible retroactive effect, e.g., Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997), including where the triggering three dismissals occurred before the passage of the statute.  E.g., Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996); Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996).

In order for Lyon to raise his constitutional challenge to section 1915(g) he must show that he has standing.  Allen v. Wright, 468 U.S. 737, 750 (1984).  The core component of standing is that the "plaintiff must allege personal injury fairly traceable" to the challenged action.  Id. at 751.  In the context of alleging an unconstitutional burden on the right of access to court, it is not sufficient for standing to show that court access could be impeded.  Rather, a prisoner must show that it actually has been.  Lewis v. Casey, 116 S. Ct. 2174, 2179 (1996).

Lyon has not shown that the fee requirements imposed by PLRA have deprived him of his access to court.  The record shows that Lyon had sufficient funds to pay the filing fee.  Reasonable costs may be imposed on persons who want to sue without unconstitutionally burdening the right to court access.  Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir. 1987).  There is no constitutional requirement that court fees always be waived if a litigant is indigent.  See e.g., United States v. Kras, 409 U.S. 434, 450 (1973); but see  M.L.B. v. S.L.J., 117 S. Ct. 555, 560-64, 569-70 (summarizing cases where court fees must be waived if they prevent litigants from vindicating basic fundamental rights).  At the time Lyon filed his complaint, he had over $180 in his prison accounts and was receiving $67.20 in prison wages each month. This is more than the $120 then required as a filing fee.  Lyon has most of his basic necessities provided as a prisoner, and payment of the fee would not have forced him to go without these essentials.  He would still have had over $60 remaining after paying the fee; that amount and his monthly wages would have been available to

purchase other necessary incidentals.  Cf. Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996).

Section 1915(g) does not prohibit prisoners from pursuing legal claims if they have had "three strikes" or three prior dismissals.  It only limits their ability to proceed in forma pauperis.  Lyon is thus free to pursue his action if he pays the required fees, and section 1915(g) has not caused an actual injury to him because he was not without the necessary resources to bring his claim to court. [4]

Since Lyon has not shown that section 1915(g) has caused an actual injury, he does not have standing to assert that this deprivation violates his right to equal protection.[5]  We therefore do not have jurisdiction to consider the constitutional issues raised, and the appeal must be dismissed.

---

[4]The dissent characterizes Lyon's claim as "precisely the type of fundamental rights claim for which we have vigilantly guarded a prisoner's access to the courts," but the record reveals very little about the nature of the claim because the proceedings in the district court to this point have related only to preliminary issues, not to the merits.  If the case had been further developed and an appeal taken in the regular course, we would have a fuller record.  The lack of a developed record is of course one of the problems associated with interlocutory appeals.

The dissent also cites cases, decided before the passage of PLRA, for the proposition that a prisoner should not be precluded from in forma pauperis status just because he has some minimal financial resources available.  Section 1915(g) does not restrict in forma pauperis status on the basis of the prisoner's resources, but because the prisoner has previously filed several frivolous cases.  We need not reach the constitutional issues raised by Lyon under the particular facts presented because his access to court has not been foreclosed.

[5]Lyon also asserted in the district court that § 1915(g) violated due process and had an impermissible retroactive effect because it changed the legal consequences of previous dismissals; the district court concluded the statute was not retroactive and did not have notice problems.

The interlocutory appeal is dismissed, and the case is remanded so that the district court may set a time by which Lyon must pay the filing fee or have his underlying first amendment claim dismissed.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. I would affirm the district court's well-reasoned opinion holding unconstitutional section 1915(g) of the PLRA, which requires a prisoner bringing a civil claim to pay a filing fee regardless of his ability to qualify for in forma pauperis status. As the majority points out, the district court based its holding on the fact that section 1915(g) violates Lyon's equal protection rights by burdening Lyon's fundamental right of access to the courts. There is no question that the provision does so. The purported purpose of section 1915(g) is to curtail the number of frivolous suits brought by prisoners by requiring that prisoners who have had three or more prior claims dismissed must pay court filing fees whether or not the prisoner qualifies for in forma pauperis status. Nonprisoners do not face such a requirement, nor does the provision differentiate between the sentences and circumstances of the individual prisoners who would file such claims.

The panel decision avoids this issue altogether by focusing instead on whether Lyon would be entirely bankrupted by paying the filing fee. The panel holds that a lack of complete impoverishment prevents Lyon from having standing to challenge the PLRA's effect on his constitutional rights. The panel's requirement that Lyon must be completely broke to have standing is simply not the law of our circuit, and such a requirement violates the same equal protection principles as section 1915(g) itself: if a nonprisoner may challenge a statute under in forma pauperis status, a prisoner should not have a higher burden (i.e., demonstrate complete destitution) to bring such a challenge. Lyon has clearly demonstrated that section 1915(g) has blocked his access to the courts to bring his religious practices claim: he qualified for in forma pauperis status as it is determined for nonprisoners; he attempted to bring a pro se action under

42 U.S.C. § 1983; and prior to Lyon's challenge to the provision's constitutionality, the court below dismissed the action pursuant to section 1915(g).

To show he suffered a "fairly traceable personal injury," Lyon need not, as the majority suggests, spend his last nickel to bring the claim where nonprisoners face a less onerous requirement. We held in In re Williamson, 786 F.2d 1336 (8th Cir. 1986), that even though an inmate is assured of the basic necessities of life at the state's expense, "an inmate should not be denied in forma pauperis status simply because he may be able to pay for some small physical and material comforts . . . within the prison." Id. at 1339. We based our holding in Williamson on the principle that "'[w]e cannot accept a construction of [section 1915] which conditions the presentation of possibly meritorious claims on the plaintiff's willingness to become completely destitute.'" Id. at 1338 (quoting In re Smith, 600 F.2d 714, 715 (8th Cir. 1979)); see also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948) ("We cannot agree . . . that one must be absolutely destitute to enjoy the benefit of the [in forma pauperis] statute."). Lyon has met his burden to show he has standing to challenge section 1915(g).

Lyon has also shown that section 1915(g) violates prisoners' equal protection rights. Although it is true that the number of suits brought by prisoners has increased, there is no indication that the increase has significantly out-paced the increase in the number of people incarcerated in this country nor have the reasons for the increase in claims been established.[6] In any case, prisoners continue to bring legitimate claims amid the large number of claims the courts dismiss as frivolous or failing to state a cognizable claim. See Hon. Jon O. Newman, Pro Se Prisoner Litigation: Looking for Needles in Haystacks, 62 Brook. L. Rev. 519, 519-21 (1996) (citing important victories

---

[6]A list of reasons for any increase in the number of complaints over a simple increase in the number of prisoners would likely include the high incidence of prison overcrowding, a lack of carefully trained correctional officers, and inadequate and frequently unfair internal grievance procedures.

won by prisoners through judicial claims regarding prison conditions). In passing section 1915(g), members of Congress stated that the purpose of the provision is to require prisoners to pay for filing a lawsuit in the same way as nonprisoners. See, e.g., 141 Cong. Rec. S14611, 626 (daily ed. Sept. 29, 1995) (statement of Sen. Dole) (stating that section 1915(g) establishes procedures so that prisoners, "like law-abiding citizens, will have to pay the court fees associated with filing a lawsuit"). However, the provision has the opposite effect. Instead of being subjected to the same rules as nonprisoners, inmates who would otherwise qualify for in forma pauperis status must now pay the filing fees up front.

Although prisoners are not a suspect class for the purpose of determining the proper standard of equal protection review, access to the courts is a fundamental right[7] that remains with an individual even after incarceration. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986). Although a prisoner forfeits some rights, a prisoner does not lose all of his rights. Id. Rather, the prisoner's fundamental rights follow him "through the prison gate, and the walls do not foreclose his access to the courts to protect those rights." Id. (citing Courtney v. Bishop, 409 F.2d 1185, 1187 (8th Cir. 1969)). Lyon's claim that he suffered a violation of his religious freedom is precisely the type of fundamental rights claim for which we have vigilantly guarded a prisoner's access to the courts.

Because section 1915(g) affects a fundamental right, we must review the statute under a "strict scrutiny" standard. Stiles v. Blunt, 912 F.2d 260, 263 (8th Cir. 1990). Under strict scrutiny, we uphold a classification only if it is narrowly drawn to serve a "compelling governmental interest." Plyler v. Doe, 457 U.S. 202, 216-17 (1982). The government must prove that it has a compelling interest in the classification it has selected. Stiles, 912 F.2d at 263. The government might show that curtailing the number of claims flooding the courts is a compelling government interest. Even so, it

---

[7]See Wolff v. McDonnell, 418 U.S. 539, 578-79 (1974).

cannot show that the classification of potentially frivolous claims into "prisoner" and "nonprisoner" claims is necessary or even effective in addressing the problem. In this regard, the panel decision fails to explain the necessity in classifying prisoners like Lyon differently for the purpose of qualifying for in forma pauperis status. For these reasons I reject the panel opinion's conclusion that Lyon is without standing to challenge section 1915(g), and I would affirm the district court's determination that the provision is unconstitutional.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.